# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.B. II**

No. 19-0798 (Harrison County 17-JA-45-3)

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.B. Sr., by counsel David Mirhoseini, appeals the Circuit Court of Harrison County's August 7, 2019, order denying his petition for a writ of habeas corpus for custody of his son, J.B. II.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel John M. Masslon, filed a response in support of the circuit court's order. The guardian ad litem, Jenna L. Robey, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his petition for a writ of habeas corpus without considering his ineffective assistance of counsel claim and in finding that he lacked standing to advocate for permanent placement of the child in a relative's care.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed a child abuse and neglect petition after the mother and child were found in a motel room that contained drug paraphernalia within reach of the child and the mother was found to be clearly under the influence. According to the DHHR, petitioner was arrested for third-offense shoplifting earlier that week and was aware that the mother was an inappropriate caregiver for the child, but took no action to remedy the circumstances. The DHHR also alleged that the child had thirty-eight unexcused absences during the school year.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In June of 2017, petitioner filed a written stipulation to the allegations in the petition and specifically admitted that he subjected the child to unsafe living conditions and that the child had excessive school absences. Based on his stipulation, the circuit court adjudicated petitioner as an abusing parent. The circuit court granted petitioner a post-adjudicatory improvement period in September of 2017. However, petitioner remained incarcerated throughout his improvement period and was unable to participate in the recommended services.

In March of 2018, the circuit court held a dispositional hearing. Petitioner was represented by counsel and appeared via video conference from the Potomac Highlands Regional Jail. A DHHR worker testified and recommended termination of petitioner's parental rights. Petitioner testified that he was sentenced to two to twenty years based on convictions in Monongalia County and Harrison County; asserted that he was parole eligible in the summer of 2018; explained that he participated in a parenting class while incarcerated; and requested that the circuit court impose a legal guardianship pursuant to West Virginia Code § 49-4-604(b)(5) (2019).[2]

Ultimately, the circuit court terminated petitioner's parental and custodial rights upon findings that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future because of his incarceration and failure to comply with the terms of his improvement period. Following the court's rulings, it advised petitioner of his right to an appeal. The circuit court's decision was memorialized by its April 24, 2018, order, which also contained petitioner's right to appeal the order and the time limits of filing an appeal. Petitioner did not appeal the order.[3]

In July of 2018, petitioner filed a letter and requested counsel for the purpose of filing an appeal. Petitioner specifically requested new counsel due to communication issues with prior counsel. The circuit court granted petitioner's motion four days later. In February of 2019, petitioner, by counsel, filed a petition for a writ of habeas corpus challenging the termination of his parental rights. Petitioner alleged multiple claims for relief centered on the ineffective assistance of his counsel and his child's counsel, and alleged errors committed by the circuit court, including placement of the child with a non-familial foster family.

The circuit court denied petitioner's petition for a writ of habeas corpus by its August 7, 2019, order. The court considered petitioner's claims that "his rights were wrongfully terminated" and noted that, while these arguments would be appropriate for an appeal from the order terminating his parental rights, petitioner failed to file an appeal. The court found that "[t]here is no apparent clear answer for whether a petition for habeas corpus is available in West Virginia as a remedy to a parent whose rights have been terminated," but cited authority from eleven other states holding that habeas corpus was an improper avenue to challenge the termination of a parent's parental rights. The circuit court further found that petitioner's argument did not address why

---

[2]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

[3]The mother's parental rights were also terminated below, and this Court affirmed the termination of her parental rights. *See In re J.B.*, No. 18-0774, 2019 WL 181498 (Jan. 14, 2019) (memorandum decision).

removing the child from his current permanent placement would be in his best interest. According to the circuit court, petitioner offered no evidence to show that the child would have preferred placement in any other home, including a familial placement. Regarding petitioner's claim that the DHHR failed to consider the paternal grandmother for placement, the court held that petitioner did not have standing to raise this claim on the grandmother's behalf. Further, the circuit court found that petitioner had not offered any evidence that he referenced the grandmother for placement at the outset of the case and quoted the abuse and neglect petition's allegation that petitioner could not remember any names or contact information of family with whom to place the child. Petitioner now appeals this order.[4]

The Court has previously held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that habeas corpus was an inappropriate means of relief and in denying his petition for a writ of habeas corpus. However, petitioner fails to acknowledge that this Court has never recognized a claim of ineffective assistance of counsel in an abuse and neglect proceeding, by means of habeas corpus, direct appeal, or otherwise. Absent a compelling argument to do so, we decline to recognize a claim for ineffective assistance of counsel in this case and find that the circuit court did not err in denying petitioner relief.[5]

Next, petitioner argues that the circuit court erred in finding that he did not have standing to allege any errors relating to the DHHR's failure to place the child with his paternal grandmother. However, we agree with the circuit court's conclusion that petitioner lacked standing. We have previously held that

---

[4]According to the parties, the permanency plan for the child is adoption in his current foster placement.

[5]Petitioner also argues that his son, J.B. II, was denied effective assistance of counsel. However, "[t]he controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, in part, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Here, sufficient evidence showed that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the foreseeable future, and, under the limited circumstances of this case, we find that the guardian provided effective assistance by advocating for termination of petitioner's parental rights.

"[t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish to assert or will be able to enjoy regardless of the outcome of the case." *Snyder v. Callaghan*, 168 W.Va. 265, 279, 284 S.E.2d 241, 250 (1981) (citation omitted).

*Kanawha Cty. Pub. Library Bd. v. Bd. of Educ. of Cty. of Kanawha*, 231 W. Va. 386, 398, 745 S.E.2d 424, 436 (2013). This concept has been recognized in regard to parties of child abuse and neglect proceedings as well. *See In re J.G.*, No. 16-0337, 2016 WL 4611246, at *3 (W. Va. Sept. 6, 2016) (memorandum decision) (recognizing that petitioner father lacked standing to appeal limitation on mother's visitation). The paternal grandmother could have moved to intervene in the proceedings, but did not. Permanent placement of the child in the grandmother's home is a privilege that she would enjoy, not petitioner, and it is she who must advocate for that position. Petitioner does not have standing to advocate on her behalf and, therefore, is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 7, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison